UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BARRY MEZEY,

    Plaintiff,

v.

TWITTER, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Twitter, Inc. ("Twitter") hereby removes the above-captioned action filed by Plaintiff Barry Mezey ("Plaintiff") from the Miami-Dade County Court to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. In support of removal and in accordance with 28 U.S.C. § 1446, Twitter states as follows:

### I.     BACKGROUND

1.    On February 9, 2018, Plaintiff filed the Statement of Claim ("Complaint") in the Miami-Dade County Court, styled as *Barry Mezey v. Twitter, Inc.*, Case No. 18-02964 SP 05. *See* Exhibit A. Plaintiff asserts five claims against Twitter: "(1) professional negligence, (2) defective services, (3) one-sided policy and terms, (4) violation of plaintiff's civil rights (1st amendment), and (5) wrongful termination of account which has resulted in severe damages, expenses, and loss of revenue/wages." *Id*. He seeks to recover damages in the amount of $5,000 and expenses he has allegedly incurred. *Id.*

## II.     GROUNDS FOR REMOVAL

### A.     This Court Has Federal Question Jurisdiction Over This Action.

2.     Removal is proper pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over this dispute under 28 U.S.C. § 1331, which confers jurisdiction on matters "arising under the Constitution, laws, or treaties of the United States." This Court has federal question jurisdiction because the Complaint asserts a claim that "necessarily raise[s] a . . . federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

3.     In relevant part, Plaintiff alleges that Twitter violated Plaintiff's civil rights under the First Amendment. *See* Exhibit A ("The nature of this complaint is towards . . . (4) violation of plaintiff's civil rights (1st Amendment) . . . ."). Therefore, this dispute "arise[s] under the Constitution . . . of the United States." 28 U.S.C. § 1331; *see Ferrara v. Mills*, 596 F. Supp. 1069, 1070 (S.D. Fla. 1984) (exercising federal question jurisdiction over the plaintiff's First Amendment claim); *see also Durand v. District of Columbia*, 38 F. Supp. 3d 119, 129-30 (D.D.C. 2014) (noting that a First Amendment claim raises a federal question that supports removal jurisdiction).

4.     Plaintiff also alleges state law claims against Twitter for negligence and—it appears—breach of contract under several different theories ("defective services," "one-sided policy and terms," and "wrongful termination of account"). *See* Exhibit A. The removal statute allows for removal of the entire case whenever a separate and independent claim, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims. 28 U.S.C. § 1441(c); § 1367. Because this Court would have had jurisdiction over Plaintiff's

constitutional claim had it been filed originally in this Court, the entire case is therefore removable to this Court pursuant to 28 U.S.C. §§ 1441(a), (c), and 1446(a)-(b).

### B.   Twitter Has Satisfied All Other Requirements for Removal of This Action.

5.   <u>Attachment of Pleadings.</u> In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint, Notice to Appear for Pretrial Conference ("Summons"), and the Instruction Sheet are attached as Exhibit A. These documents comprise all process, pleadings, and orders filed and served on Twitter to date in this action.

6.   <u>Removal is Timely.</u> Twitter was served with the Summons and Complaint by Certified Mail on March 7, 2018. *See* Exhibit B. This removal is timely because this Notice of Removal is being filed within thirty days of service of the Summons and Complaint as required by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

7.   <u>Joinder.</u> Twitter is the only defendant in this action. No other defendants are required to consent to removal of this action. *See* 28 U.S.C. § 1446(b).

8.   <u>Intradistrict Assignment.</u> Venue is proper in this district for purposes of this removal only because the Miami-Dade County Court is within the Southern District of Florida, Miami Division.

9.   <u>Notice to State Court/Plaintiff.</u> A copy of the Notice of Filing of Notice of Removal, attached as Exhibit C, with a copy of this Notice attached, will promptly be filed with the clerk of the Miami-Dade County Court, and served on Plaintiff pursuant to 28 U.S.C.

§ 1446(d). Pursuant to Rule 5(d) of the Federal Rule of Civil Procedure, Twitter will also file with this Court a Certificate of Service of its Notice to Plaintiff.

### C.  Non-Waiver of Defenses.

10. Twitter expressly reserves all of its defenses. By removing the Action to this Court, Twitter does not waive any rights or defenses available under federal or state law. Twitter expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that this Court has personal jurisdiction over Twitter, that venue is proper in the Southern District of Florida other than for purposes of this removal, or that Plaintiff's allegations are sufficient to state a claim or have any substantive merit. *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) (removal of a case to federal court does not waive objections to personal jurisdiction); *Obermaier v. Kenneth Copeland Evangelistic Ass'n, Inc.*, 208 F. Supp. 2d 1288, 1290 (M.D. Fla. 2002) (same).

11. Twitter reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Twitter gives notice that this matter is removed to the United States District Court for the Southern District of Florida, and requests that this Court retain jurisdiction for further proceedings pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

Dated: March **21st**, 2018        Respectfully submitted,

By:  */s/ Beth-Ann E. Krimsky*
**BETH-ANN E. KRIMSKY**
Florida Bar No. 968412
E-mail 1: beth-ann.krimsky@gmlaw.com
E-mail 2: clemencia.corzo@gmlaw.com
**JAMEY R. CAMPELLONE**
Florida Bar No. 119861
E-mail 1: jamey.campellone@gmlaw.com
E-mail 2: leslieann.marin@gmlaw.com

Notice of Removal
*Mezey v. Twitter*

**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-2427
Fax: (954) 333-4027
*Attorneys for Defendant Twitter, Inc.*

By: */s/ Julie E. Schwartz*
**JULIE E. SCHWARTZ**
*Pro Hac Vice Application Anticipated*
CA Bar No. 260624
E-mail 1: jschwartz@perkinscoie.com
**PERKINS COIE**
3150 Porter Drive
Palo Alto, California 94304
Tel: (650) 838-4490
Fax: (650) 838-4350
*Attorneys for Defendant Twitter, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I filed the foregoing Notice of Removal with the Clerk of the Court via CM/ECF on this **21st** day of March, 2018. I also certify that the foregoing document is being served this day on all counsel of record and parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via Federal Express Mail for those counsel or Parties who are not authorized to receive Notices of Electronic Filing electronically, including via Federal Express Mail to: **Plaintiff Barry Mezey**, 6740 SW 99 Terrace, Miami, Florida 33156.

By: */s/ Beth-Ann E. Krimsky*
**BETH-ANN E. KRIMSKY**
Florida Bar No. 968412
**JAMEY R. CAMPELLONE**
Florida Bar No. 119861