UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-21069-KMM

BARRY MEZEY,

    Plaintiff,

v.

TWITTER, INC.,

    Defendant.
                              /

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Twitter Inc.'s Motion to Dismiss the Amended Complaint. *Mot*. (ECF No. 17). Plaintiff Barry Mezey has not responded and the time to do so has passed. The motion is now ripe for review. For the following reasons, the Motion to Dismiss is GRANTED.

**I.    BACKGROUND**

Plaintiff sues Defendant under various theories of liability alleging that Defendant unlawfully suspended his Twitter account. *Am. Compl*. (ECF No. 13). Defendant moves to dismiss, arguing that the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1) bars Plaintiff's claims.[1]

**II.    LEGAL STANDARD**

At its core, the Communications Decency Act ("CDA") "bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as

---

[1] Defendant also offers two additional independent bases for dismissal: (1) that the First Amendment protects Defendant's right to exercise editorial control and judgment, and (2) that Plaintiff's claims fail on the merits. *Mot*. at 9–22. Because Plaintiff's claims are barred by the CDA, the Court declines to address Defendant's alternate bases for dismissal.

deciding whether to publish, withdraw, postpone or alter content." *Fed. Trade Comm'n v. LeadClick Media, LLC*, 838 F.3d 158, 174–75 (2d Cir. 2016) (internal citation omitted). The CDA states that "[n]o provider or user of interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The CDA further provides that "[n]o provider or user of an interactive computer service shall be held liable on account of . . . any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." 47 U.S.C. § 230(b).

### III.  DISCUSSION

Defendant argues that the CDA bars Plaintiff's claims. The CDA bars a plaintiff's claims when (1) defendant is a provider or user of an interactive computer service; (2) the relevant content contains information provided by another information content provider; and (3) the complaint seeks to hold defendant liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content. *Bennett v. Google, LLC*, 882 F.3d 1163, 1166 (D.C. Cir. 2018) (citing 47 U.S.C. § 230(f)(3)); *LeadClick Media, LLC*, 838 F.3d at 174–75. Applying this three-part test, the Court concludes that the CDA bars Plaintiff's claims.

First, Twitter—as a platform that transmits, receives, displays, organizes, and hosts content—is an interactive computer service. 47 U.S.C. § 230(f)(2) (defining interactive computer service as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet"); *see Am. Freedom Defense Initiative v.*

2

*Lynch*, 217 F.Supp. 3d 100, 104 (D. D.C. 2016) (Twitter is interactive computer service under the CDA); *see also Klayman v. Zuckerberg*, 753 F.3d 1354, 1357–58 (D.C. Cir. 2014) (Facebook is interactive computer service under the CDA). Second, Plaintiff is the information content provider as he created the relevant content associated with his Twitter account. *See Sikhs for Justice "SFJ," Inc. v. Facebook, Inc.*, 697 F. App'x 526, 526–27 (9th Cir. 2017) (creator of Facebook page is "information content provider" under the CDA). Finally, Plaintiff seeks to hold Twitter "liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content." *See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230.").

### IV. CONCLUSION

For the foregoing reasons and UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is instructed to CLOSE this case. All pending Motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  19th  day of July, 2018.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record